# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:19-cr-00123 (JAM) |
| WILLIAM CLAUDIO-SUAREZ, *Defendant*. | |

## ORDER TO SHOW CAUSE RE BASIS FOR DETENTION

On February 25, 2020, the Court sentenced defendant William Claudio-Suarez (a.k.a. William Suarez-Claudio) principally to a term of five years of imprisonment following his conviction for conspiracy to distribute controlled substances. The Court imposed the sentence to be consecutive to a prior undischarged term of state imprisonment that Claudio-Suarez was serving at Cheshire Correctional Institution and that concluded on or about March 26, 2020.

On April 27, 2020, and again on June 25, 2020, Claudio-Suarez filed motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Docs. #450, #490. His motions noted that he remained detained at Cheshire Correctional Institution despite having completed his state term of imprisonment. *Id.* I entered orders to require the Government to file a response to Claudio-Suarez's motions and to explain why he was still detained at a state prison rather than a federal Bureau of Prisons ("BOP") facility. Docs. #453, #491.

The Government has filed an opposition that explains why Claudio-Suarez remains detained at Cheshire Correctional Institution. The Government states that Claudio-Suarez is "technically in federal custody." Doc. #494 at 4. It further states that "in light of the ongoing COVID-19 pandemic there is no Bureau of Prisons ('BOP') transport available at this time," and

1

that "[w]hen transport is resumed, it is the Government's understanding that the defendant will be transferred to his BOP designated facility." *Id.* at 1.

The Government's submission does not state when Claudio-Suarez will be transferred to a BOP facility. It states that "the BOP has designated quarantine sites across the country to accept new BOP inmates, but there is not yet regular BOP transport," and "[i]t is further the Government's understanding from its communication with representatives of the USMS [U.S. Marshals Service], that Mr. Suarez-Claudio will be transported to his designated BOP facility as soon as that becomes possible." *Id.* at 4.

It has now been more than four months since Claudio-Suarez completed his state term of imprisonment, but he still remains at Cheshire Correctional Institution. The Court's judgment of conviction sentenced Claudio-Suarez "to the custody of the Federal Bureau of Prisons," not to the custody of the Connecticut Department of Correction. Doc. #397 at 1. The Court understands that the BOP has statutory authority to "designate the place of the prisoner's imprisonment," that the BOP "may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government *or otherwise*," and also that "a designation of a place of imprisonment under this subsection is *not reviewable by any court*." 18 U.S.C. § 3621(b) (emphasis added).

Still, it is unclear that section 3621(b) applies here, because it is unclear whether the BOP has actually designated Claudio-Suarez for imprisonment at Cheshire Correctional Institution. According to the Government's submission, Claudio-Suarez is pending transfer to "his BOP designated facility." Doc. #494 at 1. This statement raises a question whether the BOP has designated Claudio-Suarez to Cheshire Correctional Institution.

As the Government further notes, Claudio-Suarez is presently "being held on a USMS contract with the Connecticut Department of Corrections." Doc. #494 at 4. But it is not clear that the existence of any *contractual* relationship establishes a valid *statutory* basis for Claudio-Suarez to remain at an institution to which he (possibly) may not have been designated by the BOP. The Court does not doubt the authority of the USMS to transfer a state prisoner to a BOP designated facility for service of a federal sentence, but it is unclear what legal authority allows an indefinite delay by the USMS or the BOP in commencing and completing a transfer.

In short, although the Court can understand the practical concerns that have disrupted BOP's normal operations, the Court is uncertain about the legal basis for Claudio-Suarez's continued and apparently indefinite detention at Cheshire Correctional Institution. Accordingly, the Court requests that the Government file a memorandum on or before **August 14, 2020** clarifying the legal basis for Claudio-Suarez's continued detention at Cheshire Correctional Institution. If Claudio-Suarez has grounds to dispute the Government's response, then he may file any response to the Government's submission and also in further support of his motion for compassionate release on or before **August 28, 2020**.

It is so ordered.

Dated at New Haven this 30th day of July 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge